IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. KIRK, | No. CIV S-09-0668-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| S.M. SALINAS, | |
| Respondent. | |
| _____/ | |

   Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's amended petition (Doc. 6).[1]

   The court has examined the petition as required by Rule 4 of the Federal Rules Governing Section 2254 Cases. It appears from the amended petition that Petitioner only plans

---

[1] Petitioner's original petition named the incorrect respondent. Petitioner has corrected this error, and has named the warden of Deuel Vocational Institution (DVI), Salinas, as the respondent. Petitioner incorrectly states the warden's first initials as M.C, and has also named Mathew Cate, Director, who is an improper respondent. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Federal Rules Governing Section 2254 Cases, Rule 2(a). Accordingly, the Clerk of the Court will be directed to terminate the prison, DVI, and the director as respondents to this action, and to correct the warden's first initials as S.M.

to proceed on one due process claim.  A review of his state court proceedings reveals that he also raised an ineffective assistance of counsel claim on direct appeal.  However, it does not appear that petitioner has raised that issue in his current petition.

Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury.  If Petitioner intended to raise an ineffective assistance of counsel claim in his petition, he has failed to do so.  However, it is unclear to the court whether Petitioner wished to raise this claim or whether he is abandoning the claim.  Accordingly, Petitioner will be provided an opportunity to file a second amended petition to clarify which claims he intends to raise.  No such petition is required if Petitioner intends to proceed on his due process claim only.  If no second amended petition is filed, or if Petitioner is abandoning the ineffective assistance of counsel claim, the case will proceed on his due process claim in his amended petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's amended petition for writ of habeas corpus (Doc. 6) appears to state a claim for violation of his due process rights, but not ineffective assistance of counsel;

2. Petitioner is provided an opportunity to file a second amended petition to clarify his claims, within 30 days of the date of this order;

3. If no second amended petition is filed within 30 days of the date of this order, this case will proceed on the first amended petition, and the court will direct Respondent to file a response to the amended petition;

4. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application; and

/ / /

/ / /

5. The Clerk of the Court is directed to terminate DVI-R/C and Mathew Cate as respondents to this action, and update the caption to name the proper respondent, S.M. Salinas.

DATED: August 5, 2009

                                                                            **CRAIG M. KELLISON**
                                                                            UNITED STATES MAGISTRATE JUDGE