IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,                                   No. CIV S-09-0668-CMK-P

        Petitioner,

  vs.                                                    ORDER

S.M. SALINAS,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending before the court is Respondent's motion to dismiss the second amended petition on the grounds that the petition is a mixed petition containing unexhausted claims (Doc. 16).  Petitioner filed an opposition to the motion (Doc. 18), and Respondent filed a reply (Doc. 20).

        **I.**      **BACKGROUND**

        Petitioner was convicted in the Sacramento County Superior Court of attempted criminal threats and misdemeanor battery in 2006, and was sentenced to 16 months in prison.

His conviction was affirmed on direct appeal, and his petition for review filed with the California Supreme Court was denied.  Petitioner did not file any post-conviction petitions for writ of habeas corpus in the state courts.  His federal habeas petition filed in this case was dismissed for failure to name the proper respondent.  Petitioner's first amended petition raised only his due process violation, but alluded to an ineffective assistance of counsel claim.  Petitioner was therefore provided with an opportunity to file a second amended petition to clarify his claims.  Petitioner chose to do so, and this case proceeds on the second amended petition (Doc. 8).

## II.  MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the

claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[1]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

In some cases, the district court may permit the filing of a federal habeas petition even though the claims have not yet been exhausted. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 n.20. (9th Cir. 1005). In Pace and Bonner, petitions were pending in the state court at the time of the protective filings which, if denied by the state court as untimely, could have resulted in statute of limitations problems absent the protective filings. The petitioner in Bonner lost more than 270 days of the 365-day limitations period because of the state court's long delay in ruling that his petition was untimely. See Bonner, 425 F.3d at 1149. Because Bonner's state petition was untimely, it could not have been considered "properly filed" for purposes of statutory tolling of the limitations period. See id. at 1148-49 (citing Pace, 544 U.S. at 413). In Pace, the Supreme Court states that "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted." Pace, 544 U.S. at 416. "Good cause" for a stay-and-abeyance order could be established by the petitioner's reasonable confusion as to whether his state court petition would be considered untimely. See Bonner, 425 F.3d at 1149 n.20.

When faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners: (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims. See 330 F.3d 1086, 1099 (9th Cir. 2003). However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings. See 542 U.S. 225, 234 (2004).[2] Furthermore, the

---

[2] The Supreme Court did not address the propriety of Ninth Circuit's three-step stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original petition, stay of the remaining claims pending exhaustion, and amendment of the original petition

district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

In the instant case, Petitioner filed several habeas petitions with the Sacramento County Superior Court prior to his conviction.  He then filed a direct appeal challenging his conviction, and a petition for review with the California Supreme Court.  Other than the pre-conviction habeas petitions filed with the Superior Court, Petitioner filed no other state habeas petitions.

Both Petitioner and Respondent have provided the court with the decision from the California Court of Appeal and the petition for review filed in the California Supreme Court. The only issues raised in the petition for review filed in the California Supreme Court were two claims of due process, both related to Petitioner's mental competence.  The petition did not raise any claim related to ineffective assistance of counsel, or any challenge to the denial of Petitioner's self-representation request.[3]  To the extent he raises those claims in his federal habeas petition, therefore, those claims are unexhausted.  Respondent acknowledges Petitioner's due process claims however, at least to the extent they challenge the mental competency issue, are exhausted.  Petitioner fails to dispute that his ineffective assistance of counsel claim and self-

---

to add newly exhausted claims that then relate back to the original petition.  See Pliler, 542 U.S. at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998)).

[3]  While it appears he raised the self representation issue in his direct appeal, he failed to raise the issue with the state's highest court.

5

1 representation claims are unexhausted. His opposition to the pending motion consists of a one
2 paragraph "declaration" stating his opinion that the motion to dismiss is meritless as his appeals
3 were denied. However, he provides no evidence or argument that he raised all of his claims to
4 the state's highest court.

5 Thus, the court finds Petitioner's federal petition contains both exhausted and
6 unexhausted claims, rendering it a mixed petition. Petitioner has not filed any request for this
7 court to entertain a possible stay of these proceedings. As there is no such request before the
8 court, the court is unable to determine whether there was good cause for failing to exhaust those
9 claims before raising them in the federal case. See Rhines v. Weber, 544 U.S. 1269, 277. The
10 court therefore declines to consider the possibility of a stay and abeyance order.

11 Accordingly, the motion to dismiss shall be granted, and Petitioner's second
12 amended petition must be dismissed.

13 However, prior to the termination of this action, the undersigned finds it
14 appropriate to provide Petitioner an opportunity to decide how he wishes to proceed on his
15 claims, if any. While the court has found a stay and abeyance order inappropriate in this case,
16 Petitioner may decide whether he wishes to proceed in this action on his fully exhausted claim, or
17 attempt to return to state court to exhaust his currently unexhausted claims. Petitioner therefore
18 has two choices. First, he may file a third amended petition in this case containing only his
19 exhausted due process claim. Petitioner is cautioned that in so choosing, he may later be
20 precluded from filing a second or successive federal petition attempting to raise his other claims.
21 If he chooses to file an amended petition, his third amended petition must be filed within 30 days
22 from the date of this order. Petitioner is further cautioned that if this is the choice he makes,
23 failure to file his amended petition within the time frame provided will result in the dismissal of
24 this action for lack of prosecution and failure to comply with court rules and orders. See Local
25 Rule 110.
26 / / /

Petitioner's second option is to voluntarily dismiss this action, without prejudice, in order to attempt to exhaust his currently unexhausted claims in state court. If this is the choice Petitioner makes, the undersigned offers no opinion as to whether any future federal petition will be timely under 28 U.S.C. § 2244.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 18) is granted;

2. Petitioner's second amended petition (Doc. 8) is dismissed as a mixed petition;

3. Petitioner may file a third amended petition within 30 days of the date of this order, raising only exhausted claims; and

4. If no third amended petition is filed within the time provided here, this action will be dismissed in its entirety.

DATED: September 15, 2010

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE